01

02

03

04

05

06                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
07                                    AT SEATTLE

08  AMY R. OSBORN,                          )    CASE NO. C07-733 JLR
                                            )
09        Plaintiff,                        )
                                            )
10        v.                                )    REPORT AND RECOMMENDATION
                                            )    RE: SOCIAL SECURITY
11  MICHAEL J. ASTRUE,                      )    DISABILITY APPEAL
    Commissioner of Social Security,        )
12                                          )
          Defendant.                        )
13  _____ )

14        Plaintiff Amy R. Osborn proceeds through counsel in her appeal of a final decision of the

15  Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied

16  plaintiff's application for Supplemental Security Income (SSI) benefits after a hearing before an

17  Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the administrative record

18  (AR), and all memoranda of record, it is recommended that the decision be AFFIRMED.

19                      **FACTS AND PROCEDURAL HISTORY**

20        Plaintiff was born on XXXX, 1972.[1]  She has a GED, obtained training as a dental

21  _____

22        [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the
    General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

01  assistant, and took three quarters of classes in medical billing at a community college.  Plaintiff

02  previously worked as a dental assistant and fast food worker.

03      Plaintiff protectively filed an application for SSI benefits on November 26, 2002. Her

04  application was denied at the initial level and on reconsideration, and she timely requested a

05  hearing, which was held on December 28, 2004. (AR 433-77.)  The ALJ issued a decision on

06  March 19, 2005 finding plaintiff not disabled. (AR 21-32.)

07      Plaintiff timely appealed to the Appeals Council.  After considering additional evidence,

08  the Appeals Council denied the request for review, making the ALJ's decision the final decision

09  of the Commissioner. (AR 6-8.) Plaintiff timely appealed to this Court.

10                              **JURISDICTION**

11      The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

12                              **DISCUSSION**

13      The Commissioner follows a five-step sequential evaluation process for determining

14  whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

15  be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not

16  engaged in substantial gainful activity since her alleged onset date.  At step two, it must be

17  determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff to have

18  no medically determinable mental impairment, and found plaintiff's small disc bulges at L3-4 and

19  L4-5, recurrent back strain, headaches, obesity, and esophagitis not severe.  Step three asks

20  whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that

21

22  official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

01  plaintiff's impairments did not meet or equal the criteria for any listed impairment.  If a claimant's

02  impairments do not meet or equal a listing, the Commissioner must assess residual functional

03  capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to

04  perform past relevant work.  The ALJ made alternative step four findings.  First, the ALJ  found

05  that plaintiff retained the RFC to lift and/or carry 20 pounds occasionally and 10 pounds

06  frequently, to sit for six hours in an eight-hour workday, and to stand and/or stoop for 30 percent

07  of the time during the course of an eight-hour workday.  In the alternative, the ALJ found that

08  plaintiff was unable to perform any of her past relevant work and proceeded to step five of the

09  sequential analysis.  If a claimant demonstrates an inability to perform past relevant work, the

10  burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity

11  to make an adjustment to work that exists in significant levels in the national economy.  The ALJ

12  found that plaintiff retained the RFC to perform a significant range of light work or, in the

13  alternative, if not capable of performing the full range of light work, plaintiff could  perform a

14  significant number of jobs in the national economy including charge account clerk,  telemarketer,

15  or cashier.  Therefore, the ALJ found plaintiff to be not disabled.

16       This Court's review of the ALJ's decision is limited to whether the decision is in

17  accordance with the law and the findings supported by substantial evidence in the record as a

18  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

19  than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

20  mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750

21  (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

22  decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -3

01    2002).

02         Plaintiff argues that the ALJ erred by failing to find severe her lumbar disc bulges and

03    migraine headaches.  Plaintiff also contends that the ALJ did not give clear and convincing reasons

04    for not accepting her testimony and did not properly assess the opinion of her treating Physician's

05    Assistant.  Based on these errors, plaintiff urges the conclusion that the ALJ's step five finding was

06    unsupported by substantial evidence and should be reversed and remanded for an award of

07    benefits. In the alternative, plaintiff argues that the case should be remanded for the consideration

08    of new and material evidence.  The Commissioner contends that substantial evidence supports the

09    ALJ's conclusion that plaintiff did not have a severe back problem or severe migraine headaches,

10    and, further, that any error would be harmless since the ALJ continued through the sequential

11    evaluation process, making findings at each step.  The Commissioner argues that the ALJ provided

12    legally sufficient reasons for rejecting plaintiff's allegations of disability and for not giving

13    significant weight to the opinions of the Physician's Assistant.  The Commissioner maintains that

14    he met his burden at step five of the sequential analysis and the finding of non-disability should not

15    be overturned.

16         For the reasons described below, the undersigned concludes that the matter should be

17    affirmed.

18                          Determination of Severity of Impairments

19         At step two of the sequential analysis, a claimant bears the burden of proving the existence

20    of an impairment as well as the threshold showing that her medically determinable impairments

21    significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137,

22    145 (1987) and 20 C.F.R. § 416.920(c); *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

01  "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R.

02  § 416.921(b).  "An impairment or combination of impairments can be found 'not severe' only if

03  the evidence establishes a slight abnormality that has 'no more than a minimal effect on an

04  individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting

05  Social Security Ruling (SSR) 85-28)).  "[T]he step two inquiry is a de minimis screening device

06  to dispose of groundless claims." *Id.* (citing *Bowen*, 482 U.S. at 153-54).

07       The ALJ found that plaintiff had no medically determinable mental impairment, a finding

08  which plaintiff does not dispute.  However, plaintiff disputes the ALJ's finding that her lumbar disc

09  bulges and migraine headaches are not severe impairments.  In reaching this conclusion, the ALJ

10  found as follows:

11       The claimant has small disc bulges at L3-4 and L4-5 and a history of recurrent back
         strain.  The disc bulges are not severe enough to warrant surgery.  The claimant's
12       back pain is intermittent and the objective evidence does not support the claimant's
         allegation of radiculopathy.  Straight leg raise was often negative bilaterally and an
13       MRI scan of the claimant's lumbar spine showed no significant nerve root
         compression and no stenosis.  EMG testing of the claimant's low back and left leg
14       muscles showed normal findings without evidence of denervation or lumbo-sacral
         radiculopathy.  The claimant does not have a neurological deficit.
15
         The claimant has a history of headaches, which occur once or twice a month by her
16       report.  The medical evidence demonstrates that there were periods in which she went
         for months without seeking care for headaches.  She is not taking regular medication
17       for "migraines".  Emergency room records reflect that the claimant's headaches are
         often accompanied by sinusitis, which is undoubtedly exacerbated by her continued
18       smoking.  At one point she was diagnosed with bronchitis.  On another occasion she
         mentioned that she had not had coffee in two days and usually drank a lot of coffee,
19       which suggests that her headache was the result of caffeine withdrawal.  At the
         hearing, the claimant testified that her headaches were often precipitated by spending
20       too much time in front of the television or computer or by not drinking coffee.  The
         claimant told Dr. Pamintuan that she had headaches since she was quite young, but
21       they obviously did not prevent her from attending school or working in the past.  At
         the hearing, she indicated that she had visited the emergency room only once or twice
22       since her son was born in June of 2004, which suggests that she has not had

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

01    significant problems with headaches recently.

02  (AR 26-27, internal citations to record omitted.)

03      The ALJ considered the medical evidence of record concerning plaintiff's back condition

04  and headaches, summarizing it in the decision. The ALJ noted the evidence of disc bulging shown

05  in diagnostic testing, the reports of treating physicians, and plaintiff's own reports of her

06  symptomatology to her physicians. (AR 22-26.)

07      Plaintiff argues that the ALJ ignored objective evidence consisting of radiographic and

08  other diagnostic studies, showing the presence of the disc bulges at the L3-4 and L4-5 levels. The

09  ALJ, however, did not find that the disc bulges did not exist, but rather found that any resulting

10  impairment was not severe. Plaintiff objects to the ALJ's reference to the lack of a surgery

11  recommendation by her doctors and the intermittent nature of her pain, saying that these factors

12  do not necessarily mean her impairment and headaches are not severe.  However, even if the

13  evidence is susceptible to more than one rational interpretation, the decision will be upheld so long

14  as it is supported by substantial evidence, that is, such relevant evidence that a reasonable mind

15  might accept as adequate. *Moncada v. Chater*, 60 F.3d 521, 523, 525 (9th Cir. 1995).  The

16  challenged factors may not have been dispositive of the evaluation of the severity of plaintiff's

17  impairments, but they were certainly pertinent to the issue of severity.      *See*, *e.g.*, *Burch v.*

18  *Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (discrediting the severity of complaints of back pain

19  based, in part, on the lack of recommendation of surgery).  It was not unreasonable for the ALJ

20  to consider these factors, among others, in concluding that plaintiff had not met her burden of

21  proving the severity of her impairments.

22      Plaintiff also argues that it was not permissible to deny benefits based on a failure to follow

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

01 treatment without conducting the four-part justification analysis set forth in SSR 82-59 (available

02 at 1982 WL 31384).  Plaintiff, however, misapprehends the ALJ's decision, which did not deny

03 benefits for failure to follow treatment.  Rather, the ALJ cited the lack of treatment sought by

04 plaintiff as bearing on the severity of plaintiff's symptoms, and her lack of interest in smoking

05 cessation as detracting from her credibility. (AR 29.)  The ALJ took note of periods in which

06 plaintiff went for months without seeking care, the fact that plaintiff did not take regular

07 medications for her headaches, and the relationship between the onset of her headaches and her

08 sinusitis, smoking, caffeine withdrawal or spending too much time in front of the television or the

09 computer. (AR 27.)  The ALJ is entitled to draw inferences logically flowing from the evidence.

10 *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  The absence of medical treatment is one

11 of the factors the ALJ may consider.  *Johnson v. Shalala* , 60 F.3d 1428, 1434 (9th Cir. 1995)

12 (also considering the prescription of only conservative treatment as evidence of lower pain levels

13 and functional limitation).

14 Substantial evidence supports the ALJ's conclusion that plaintiff did not meet her burden

15 of showing that her back problems and headaches significantly limited her ability to perform basic

16 work activities, and the ALJ's step two finding should be upheld.  Moreover, even if the ALJ erred

17 in not finding plaintiff's bulging lumbar discs and migraine headaches severe, such error would be

18 harmless because the ALJ gave plaintiff the benefit of the doubt and continued with the sequential

19 analysis "in the event that these impairments are more limiting than shown by the objective

20 evidence". (AR 27).  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

21 <u>Credibility Assessment</u>

22 In evaluating plaintiff's ability to work, the ALJ considered plaintiff's testimony about her

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

01 symptoms:

02      In weighing the claimant's subjective complaints against the objective evidence, I find
        that she is not entirely credible.  At the hearing, she rated her back pain at 7 out of 10
03      and asserted that her back hurt daily.  However, she told doctors that she actually had
        good and bad days.  I note that on May 1, 2003, the claimant reported that she was
04      doing okay and did not experience back pain every day.  The medical records indicate
        that the claimant visited the emergency room complaining of back pain on a number
05      of occasions, but she usually indicated that the pain had begun only recently.  As such,
        her allegation of daily back pain appears to be an exaggeration.  I note that Dr. Kumar
06      concluded that there was an element of symptom magnification given the claimant's
        dependence on Vicodin.  The claimant alleged that her back pain had worsened since
07      the car accident on August 15, 2003.  However, when she was seen for follow up
        after the accident it was noted that back pain did not appear to bother her much.  The
08      claimant testified that she could sit for only 10 to 15 minutes at a time.  However, she
        was able to sit through the 45 minute hearing and the medical evidence does not
09      support a finding that she has any significant restriction sitting.

10      At the hearing, the claimant rated her headache pain at 9 out of 10, although she is not
        taking any regular medication for migraines.  She testified that her migraines were
11      often precipitated by spending too much time in front of the television or computer
        or by not drinking coffee.  Obviously, these are things that are within her control.  I
12      note that the claimant's headaches were often accompanied by sinusitis, which is no
        doubt exacerbated by her continued smoking.  The claimant acknowledged that
13      doctors told her to quit smoking.  She denied having tried patches or classes and does
        not appear to be particularly interested in smoking cessation.  The claimant's failure
14      to follow medical advice to stop smoking represents noncompliance and detracts from
        her credibility.  She visited the emergency room on a number of occasions for
15      headaches between February of 2002 and September of 2003, but her symptoms
        improved immediately with medications.  I note that the claimant testified that she
16      visited the emergency room only once or twice since her baby was born, which was
        six months prior to the hearing.  Since she is not taking any medication for her
17      headaches, it would appear that headaches have not been a significant problem lately.
        I note that she reported having experienced headaches since she was quite young, but
18      they obviously did not prevent her from attending school or working in the past.  The
        claimant's allegation of headaches and back pain ranging from 7 to above 10 is simply
19      not supported by the medical evidence.  It is noted that an inability to work without
        some degree of pain does not entitle an individual to a finding of disability.

20
        The claimant's activities are also greater than would be expected given her
21      complaints.  She is obviously the primary care provider for her infant son given that
        her significant other generally works full time and her daughter is at school at least
22      part of the day.  It is noted that the activities associate[d] with caring for an infant are

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -8

01 consistent with medium exertional work described in the <u>Dictionary of Occupational</u>
<u>Titles</u>, (Child monitor #301.677-010).  The fact that the claimant was able to attend
02 school full time between September of 2001 and June of 2002 also detracts from her
credibility.  She told Dr. Pamintuan that her activities included housecleaning, washing
03 laundry, cooking, grocery shopping, running errands three times a week, and seeing
a close friend five times a week.  The claimant told Dr. Yon that she was attempting
04 to swim three times a week.  These activities contradict the claimant's testimony
asserting extremely limited abilities.

05

06 (AR 28-29, internal citations omitted.)

07     Plaintiff argues that the ALJ failed to provide clear and convincing reasons for finding her

08 not entirely credible.  The Commissioner argues that the ALJ provided clear and convincing

09 reasons supported by substantial evidence for finding plaintiff's allegations regarding her

10 limitations not entirely credible.

11     In considering a claimant's testimony, the ALJ may utilize "ordinary techniques of

12 credibility evaluation", such as prior inconsistent statements concerning symptoms.[2] *Smolen*, 80

13 F.3d at 1284.  In fact, the consistency of a claimant's statements, both internally and with other

14 information in the case record,  is considered a "strong" indication of his or her credibility.  SSR

15 96-7p (available at 1996 WL 374186 *5).

16     In making a finding about the credibility of a claimant's reported symptoms, the ALJ need

17 not totally accept or totally reject the individual's statements.  Based on a consideration of all of

18 the evidence in the case record, the ALJ may find "all, only some, or none" of a claimant's

19 allegations to be credible.  *Id*. at *4.

20     As noted previously, the issue before this Court is not whether a different inference could

21 _____

22    [2] A symptom is an individual's own description of his or her physical or mental impairment(s).  SSR 96-7p (available at 1996 WL 374186).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -9

01    be drawn from the evidence considered by the ALJ, but whether the inference chosen by the ALJ

02    is rational. *Thomas,* 278 F.3d at 954.  Here, it cannot be said that the reasons given by the ALJ

03    in declining to fully accept plaintiff's subjective complaints were irrational. The ALJ drew the

04    conclusion that plaintiff's allegation of daily back pain that would preclude all work was an

05    exaggeration, when compared with her recitation of symptoms to her doctors, and, in fact, cited

06    the opinion of one of the doctors regarding symptom magnification.  The ALJ considered the

07    relative lack of treatment pursued by plaintiff for her headaches in assessing the severity of her

08    problems.  The ALJ evaluated plaintiff's reports of her daily activities, and concluded that they

09    were greater than would be expected given her complaints, including acting as the primary care

10    giver for her infant son, attending school full time, performing normal household chores,

11    swimming, and visiting with friends.  (AR 28-29.)  Although plaintiff correctly notes that during

12    the forty five minute hearing she apparently arose from a seated position several times to stand "a

13    couple, couple to a few minutes each time" (AR 457), the ALJ also noted the lack of any

14    significant sitting restriction in the medical evidence.

15          Unless there is evidence of malingering, the ALJ must provide clear and convincing reasons

16    to reject a claimant's testimony about the severity of her symptoms.  *Smolen*, 80 F.3d at 1281.

17    The Commissioner notes that although one of plaintiff's treating doctors indicates an element of

18    symptom magnification by plaintiff together with her dependence on Vicodin (AR 155), the

19    decision nevertheless satisfies the more stringent standard of providing clear and convincing

20    reasons to reject plaintiff's subjective allegations.  That finding should not be disturbed.

21    <u>Consideration of Opinions of Physician's Assistant</u>

22          Plaintiff also assigns error to the ALJ's failure to give significant weight to the opinions

01 of Darek Hardie, a Physician's Assistant (PA), in evaluating her functional capacity.  In weighing

02 these opinions, the ALJ found as follows:

> . . . I do not assign significant weight to the opinion of Mr. Hardie since he is not an
> acceptable medical source as defined within the regulations.  I assign greater weight
> to the opinion of Dr. Park, who concluded that the claimant should avoid heavy
> lifting, and to the opinion of Dr. Kumar, who concluded that the claimant could
> perform light to medium exertion activities within her subjective comfort level.  Dr.
> Park and Dr. Kumar based their conclusions on objective signs and findings including
> the results of an MRI and an EMG.  In contrast, Mr. Hardie appears to have based
> his conclusions primarily on the claimant's subjective report, which is not entirely
> reliable.  I assign some weight to the findings of Dr. Merrill, who opined that the
> claimant could stoop occasionally and sit for six hours in an eight-hour workday.
> However, it is noted that Dr. Merrill did not have the opportunity to see the evidence
> obtained after his review and his conclusions are not fully adopted for that reason.

10 (AR 29-30, internal citations omitted.)

11    In evaluating the weight to be given to the opinion of medical providers, Social Security

12 regulations distinguish between "acceptable medical sources" and "other sources".  Acceptable

13 medical sources include licensed physicians and other specified medical professionals, but not

14 physician's assistants, who are therefore considered "other sources".  20 C.F.R. §§ 404.1513(a)

15 and (e), 416.913(a) and (e), SSR 06-03p (available at 2006 WL 2329939 at *2).  Less weight may

16 be assigned to the opinions of "other sources" than "acceptable medical sources".  *Gomez v.*

17 *Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

18    SSR 06-03p gives guidance for evaluating relevant evidence from "other sources",

19 providing that the weight will vary "according to the particular facts of the case, the source of the

20 opinion, including that source's qualifications, the issue(s) that the opinion is about", and other

21 factors listed in the regulations.  "Each case must be adjudicated on its own merits based on a

22 consideration of the probative value of the opinions and a weighing of all the evidence in that

01  particular case". *Id.* at \*4.  The adjudicator "generally should explain the weight given to opinions

02  from these 'other sources,' or otherwise ensure that the discussion of the evidence in the

03  determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's

04  reasoning, when such opinions may have an effect on the outcome of the case". *Id.* at \*6.

05       Plaintiff objects to the lack of significant weight given to PA Hardie's opinion.  However,

06  consistent with SSR 06-03p, the ALJ explained the weight given to the opinion, and cited Mr.

07  Hardie's reliance on plaintiff's subjective reports, which were found to be not entirely reliable.

08  (AR 29.)  Mr. Hardie completed an undated form setting forth plaintiff's abilities to do work-

09  related activities.  (AR 391-95.)  He endorsed much more restrictive limitations than Dr. Park, an

10  Assistant Professor in the University of Washington Department of Neurosurgery (AR 145-146)

11  or Dr. Kumar, a specialist in physical medicine and rehabilitation and electrodiagnostic medicine

12  (AR 154-56). Plaintiff disputes the ALJ's conclusion that PA Hardie's opinion was based primarily

13  on her subjective report, arguing that PA Hardie considered the MRI findings.  However, Dr.

14  Park, a neurosurgeon, reviewed the same MRI and endorsed less restrictive limitations.  (AR 146.)

15  Nor does plaintiff succeed in arguing that the limitations set forth by Dr. Park and Dr. Kumar

16  could be considered consistent with PA Hardie's opinion that plaintiff could possibly perform part-

17  time work, as neither physician suggested any limitation on plaintiff's ability to work an eight-hour

18  day.

19       The opinion of any medical provider,  even that of a treating physician, is not binding on

20  the ALJ on the ultimate issue of disability. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir.

21  2001).  In this case, the ALJ did not err in choosing to not give significant weight to the opinion

22  of PA Hardie that plaintiff was not able to work.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -12

01

### Step Five Findings

02      Plaintiff argues that the failure to reflect the limitations identified by PA Hardie and to

03 credit her testimony renders the ALJ's RFC findings deficient, and, therefore, that the step five

04 finding lacks substantial evidence and should be reversed.  Because no error has been identified

05 in the ALJ's consideration of plaintiff's testimony and PA Hardie's opinions, the argument fails.

06 Plaintiff also argues that the record does not contain evidence of the transferable skills required

07 to perform the semi-skilled job of telemarketer, one of the alternative jobs identified by the

08 vocational expert. The Commissioner does not respond to this argument. However, contrary to

09 plaintiff's assertion, the vocational expert testified that the telemarketer job was unskilled, not

10 semi-skilled work. (AR 464.)  At any rate, any error in this regard would be harmless given the

11 other two jobs identified at step five, as well as the ALJ's step two finding that plaintiff's

12 impairments were not severe.

13

### Remand for Consideration of New Evidence.

14      Plaintiff asks that, in the alternative, the case should be reversed and remanded to allow

15 the ALJ to consider a questionnaire completed by PA Hardie.  (*See* AR 407-08.)  Although not

16 presented to the ALJ for consideration, the evidence was considered by the Appeals Council,

17 which did not find that it provided a basis for changing the ALJ's decision. Plaintiff contends that

18 the questionnaire is "new evidence which is material and that there is good cause for the failure

19 to incorporate such evidence into the record in a prior proceeding" as defined by "sentence six"

20 of 42 U.S.C. §405(g).

21      Since the Appeals Council has already considered the report, plaintiff's reliance on

22 sentence six is misplaced.  Furthermore, plaintiff fails to show that the evidence is material, that

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -13

01 is, that "there is a reasonable possibility that the new evidence would have changed the outcome

02 of the [Commissioner's] determination", since the opinions are no different than those already

03 considered and rejected by the ALJ.   Nor does plaintiff show that the new evidence was

04 unavailable earlier simply by virtue of the fact that the form was not prepared until a few weeks

05 prior to the ALJ's decision, since the form could as easily have been prepared and presented in a

06 timely manner.

Conclusion

08        The ALJ's decision denying benefits is supported by substantial evidence and should be

09 AFFIRMED.  Plaintiff's request for remand for further proceedings to review additional evidence

10 should be DENIED.

11        DATED this 5th day of February, 2008.

13                                                      Mary Alice Theiler
                                                       United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -14